IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANA MARIA S., | § |
| | § |
| Plaintiff, | § |
| | § |
| V. | §   No. 17-cv-259-G-BN |
| | § |
| ANDREW SAUL, Commissioner of | § |
| Social Security, | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Ana Maria S.'s counsel Ryan Snow has filed a Re-Urged Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b). *See* Dkt. No. 32.

Senior United States District Judge A. Joe Fish has referred this matter to the undersigned United States magistrate judge for recommendation. *See* Dkt. No. 30.

For the reasons explained below, the Court should grant the motion [Dkt. No. 32] and terminate as moot the Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. No. 29].

**Background**

Plaintiff filed a complaint challenging the Commissioner of Social Security's decision denying a claim for benefits under the Social Security Act. *See* Dkt. No. 1. By an order and judgment entered on July 14, 2017 [Dkt. No. 19], the Court reversed and remanded this case for further administrative proceedings.

Plaintiff's counsel then untimely moved for, and later withdrew his request for,

attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $2,962.50. *See* Dkt. Nos. 21-26.

In his Re-Urged Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b), Mr. Snow explains that,

> [a]fter this court remanded the case for further review, Administrative Law Judge ("ALJ") Tresie Kinnell issued a fully favorable decision to Plaintiff on February 13, 2019 finding Plaintiff disabled under the Social Security Act.
> On August 14, 2019 the Commissioner issued a Notice of Award, explaining that Plaintiff's first check (for past due benefits) would be $68,429.50. The Commissioner also withheld a total of $21,979.00 for payment of attorneys' fees, which represents 25% of the total past due award. *See* Notice of Award, hereto attached as Exhibit "A." Of this amount, Counsel petitions this court for the amount of $9,184.25. Counsel received a copy of the Notice of Award via U.S. mail on August 16, 2019.
> Co-Counsel Mobina Zendeh Del ("Co-Counsel") directly petitioned the Commissioner for attorneys' fees. Co-Counsel petitioned the Commissioner for fees totaling $18,638.50 as follows: $12,794.75 for work done at the administrative level, and $5,843.75 at the federal level. By order dated September 26, 2019 the Commissioner's Regional Chief Judge Joan Parks Saunders authorized attorneys' fees in the amount of $12,794.75 – the exact amount Co-Counsel petitioned for pertaining to the work at the administrative level only. *See* Exhibit "B" hereto attached.

Dkt. No. 32 at 2.

The Commissioner timely filed a response to the Re-Urged Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b), *see* Dkt. No. 33; Mr. Snow filed a reply, *see* Dkt. No. 34; and the motion is now ripe for decision.

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a

2

successful claimant in a Social Security action." *Murkeldove v. Astrue,* 635 F.3d 784, 787 (5th Cir. 2011). While Section 406(a) governs the award of attorneys' fees for representing a claimant in administrative proceedings, Section 406(b) governs the award of attorneys' fees for representing a claimant in court. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 794 (2002). Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

42 U.S.C. § 406(b)(1)(A); *see also Murkeldove,* 635 F.3d at 788 (citing *Gisbrecht,* 535 U.S. at 800); *accord Jackson v. Astrue,* 705 F.3d 527, 531 (5th Cir. 2013) (holding that "§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand").

Contingency fee agreements in Social Security cases are unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits. *See Gisbrecht,* 535 U.S. at 807. Even when contingency fee agreements are within the statutory ceiling, Section "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Commissioner explains that he is not the true party in interest but asks the Court to resolve the question of reasonableness. *See* Dkt. No. 33 at 2. As the United States Court of Appeals for the Fifth Circuit has noted, the Commissioner has no direct financial stake in the fee determination; rather, her role resembles that of a "trustee"

3

for the claimant. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6). Seeking a Court's review of the reasonableness of the fees sought is consistent with this role.

But the Commissioner "submits that Mr. Snow's requested fee does not appear to be reasonable," where Mr. Snow

> fails to identify ... whether his co-counsel would be submitting an additional request for work done at the federal level. *See* Pl.'s Mot. at 2. Snow also fails to include in this current request whether his co-counsel's work at the federal level should be considered by the Court since the fee agreement was between Snow, his co-counsel, and Plaintiff. *See* Pl.'s Mot. at 4, Pl.'s Exhibit C.
> ....
> Snow again explains that he intends to refund $2,962.50 to Plaintiff, even though he is not required to do so. *See* Pl.'s Mot. at 4. Mr. Snow untimely filed for attorney fees in the amount of $2,962.50 under the Equal Access to Justice Act (EAJA), and subsequently withdrew the motion when the Commissioner filed objections. *See* Docket Items 20-26. Based on the 32.10 hours of court-related representation, Snow's initial request for a § 406(b) award of $3,348.50 represented an hourly rate of $104.31. Snow's current request for $9,184.25 represents an hourly rate of $390.82, because he only seeks reimbursement for 23.5 hours. *See* Pl.'s Mot. at 5. However, Snow fails to include any hours from his co-counsel, even though he reported that she had sought reimbursement for work done at the federal level. *See* Pl.'s Mot., at 2, Exhibit D.
> The Commissioner submits that the requested amount is not excessive on its face when considered as a lodestar. *See Wilcox v. Astrue*, 2010 WL 3075264 at *1 (S.D. Tex. Aug. 5, 2010) (request for 406(b) fees in the amount of $20,388.81 was reasonable); *Devaul v. Commissioner, Social Security Administration*, 2012 WL 314189 at *3 (E.D. Tex. Feb. 1, 2012) (2.5 times the non-contingent rate is reasonable). However, because there was no EAJA fee ordered, there is no requirement for a refund of $2,962.50 if the total fees are less than 25% of Plaintiff's past due benefits.
> In addition, the fee agreement entered into by Mr. Snow, his co-counsel, and Plaintiff for representation provides:
>> [T]he Firm has the right under this contract to ask the court to award as much as 25% of my past-due benefits for representing me in court.

> In no case will the fee that comes out the back benefits paid on my account be greater than 25% of back benefits (including the fee paid for work on my case before the Social Security Administration).
>
> Here, Snow only provides the hours for the work he performed. Therefore, Snow has failed to address the work both he and his co-counsel performed at the federal level for this Court's review.
>
> "Based on the plain language of the fee agreement in this case, the Court's determination of a § 406(b) fee award must account for a fee award made pursuant to § 406(a) so that the total fees awarded do not exceed twenty-five percent of past-due benefits." *See Parker v. Saul*, No. 1:16-CV-437-TLS, 2019 WL 3283048, at *2 (N.D. Ind. July 22, 2019) (collecting cases where the parties' fee agreements limit the total fees from § 406(a) and § 406(b) to not exceed 25% of past due benefits). Accordingly, this Court should not award § 406(b) fees until Mr. Snow and his co-counsel provide the Court with notice that no additional fees will be sought or that his co-counsel's hours at the federal level should be considered so that the total fees awarded are in compliance with the requirements of the parties' fee agreement.

Dkt. No. 33 at 2, 5-7 (footnote omitted).

In reply, Mr. Snow explains that "Co-Counsel Mobina Zendeh Del will not seek additional attorneys' fees from this court – and altogether the attorneys at the Zendeh Del Law Firm PLLC who represented Plaintiff [] will only seek 25% of the total past-due benefits of Plaintiff – nothing more, and nothing less." Dkt. No. 34 at 4; *see also* Dkt. Nos. 34-1 & 34-2.

The reasonableness of attorneys' fees awarded pursuant to a fee-shifting statute is generally determined by using the lodestar method. *See Jeter*, 622 F.3d at 374 n.1. But, noting that Section 406(b) is not a fee-shifting statute, the United States Supreme Court has "explicitly rejected" the use of the lodestar method as the "starting point" in determining the reasonableness of a fee under this statute. *Gisbrecht*, 535 U.S. at 801. Instead, "lower courts [are] to give a contingency fee agreement 'primacy,'" although

5

this will "in some instances result in an excessively high fee award." *Jeter*, 622 F.3d at 379.

The Court in *Gisbrecht* acknowledged that, "[i]f the benefits [resulting from a contingency fee agreement] are large in comparison to the amount of time counsel spent on the case, a downward adjustment is ... in order [to disallow windfalls for lawyers]." 535 U.S. at 808. The Fifth Circuit has interpreted this language to mean that courts may still employ the lodestar method in determining whether a contingency fee constitutes a windfall but only if they "articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." *Jeter*, 622 F.3d at 379. For instance, a court may consider a reasonable hourly rate in its "windfall" assessment, "so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." *Id.*

The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned. It has noted with approval several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Id.* at 381-82 (citing *Brannen v. Barnhart*, No. l:99-CV-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004)). The claimant's attorney bears the burden of persuasion on the reasonableness of the fees sought. *See Gisbrecht*, 535 U.S. at 807 n.17.

6

As to the first factor, courts have consistently recognized that "there is a substantial risk of loss in civil actions for social security disability benefits." *Charlton v. Astrue*, No. 3:10-cv-56-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (noting that, in the year 2000, only 35 percent of claimants who appealed their case to federal court received benefits), *rec. adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011); *see also Hartz v. Astrue*, No. Civ. A. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases), *rec. adopted*, 2012 WL 4471813 (E.D. La. Sept. 27, 2012). Mr. Snow explains that

> [t]he itemized billing entries for the federal work on this case are attached. *See* Exhibit "D" hereto attached. Total, 32.10 hours were spent on this case in federal court. In the exercise of billing discretion, Counsel has elected not to charge for 8 hours' worth of his work (such as the failed motion for EAJA fees), or the work of others in his firm. Thus, Counsel is asking the court to award $9,184.25 for his work totaling 23.5 hours. This comes to a billing rate of $390.82 for the work performed.
> 
> Counsel's burden is not met until showing the fee sought it reasonable. "Within the 25 percent boundary … the attorney[s] for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "But nothing in the text or history of § 406(b) reveals a 'desig[n] to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." *Id.* at 805 (alteration original). Counsel contends that the rate sought here of $390.82 per hour is reasonable. *See Gillam, Sr. v. Astrue*, No. 07-0726, 2010 WL 380931 at *2 (W.D. La. Sep. 22, 2010) (attorney's billing rate "2.91 times greater than his ordinary billing rate" was reasonable.); *see also Doucett v. Berryhill*, No. 15-cv-2115, 2017 WL 5891792 at *4 (N.D. Tex. Oct. 23, 2017) (2.5 times the hourly billing rate reasonable).
> 
> Counsel does not charge hourly for social security cases, but if he did, he would charge $310 per hour. Accordingly, Counsel submits that a billing rate of $390.82 is reasonable. Moreover, in considering fee petitions under 42 U.S.C. § 406(b), courts within this Circuit routinely recognize the "substantial risk of loss in civil actions for social security disability benefits." *Charlton*, 2011 WL 6325905 at *4; *Stoneking v. U.S. Comm'r Soc. Sec. Admin.*, No. 09-cv-1020, 2011 WL 3328538 at *2 (W.D.

7

> La. July 13, 2011) (explaining risk of attorney in filing disability appeals to federal court); *Blanks v. Berryhill*, No. 3:14-cv-303, 2017 WL 6389693 at *3 (S.D. Tex. Nov. 21, 2017) ("Counsel worked on Plaintiff's case, assuming the risk that no benefits would be awarded and that the firm would receive nothing for its efforts.") (citations omitted).
>
> Here, Counsel faced the same risk of loss. Plaintiff had been denied benefits at every administrative level and Counsel had to demonstrate that the Commissioner's denial didn't even pass the substantial evidence test – a fairly deferential test whose "evidentiary sufficiency is not high." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Dkt. No. 32 at 4-6.

The undersigned agrees that the resulting hourly rate is reasonable under the circumstances of this case. And Mr. Snow provided effective and efficient representation to reach a favorable result. Given the lack of success at the administrative level, counsel's success appears to be attributable to his own work. Finally, while not determinative, the existence of a contingency fee agreement indicates that Plaintiff consented to the payment of a 25% fee. *See Jeter*, 622 F.3d at 381-82; *Hartz*, 2012 WL 4471846, at *6.

After weighing the relevant factors, the undersigned finds that the requested contingency fee award in the amount of $9,184.25 is reasonable under the circumstances of this case and should be awarded under Section 406(b), including in light of Mr. Snow's voluntary agreement to refund $2,962.50 to Plaintiff and his demonstrated exercise of billing judgment. And the undersigned finds that Mr. Snow and his co-counsel sufficiently addressed in reply the Commissioner's concerns in opposition as to any uncertainty as to the total amount that Plaintiff's counsel will seek in attorneys' fee awards. *See* Dkt. Nos. 34, 34-1, & 34-2.

**Recommendation**

The Court should (1) grant Plaintiff's counsel Ryan Snow's Re-Urged Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. No. 32]; (2) terminate as moot the Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [Dkt. No. 29]; (3) award Mr. Snow $9,184.25 in attorneys' fees to be certified for payment out of Plaintiff Ana Maria S.'s past-due benefits under 42 U.S.C. § 406(b); and (4) order the Commissioner to release such amount as and for an attorneys' fee to Plaintiff's counsel Ryan Snow.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 27, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE